**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY NEAL SADLER | : | CIVIL ACTION NO. 3:10CV11(CFD) |
| VS. | : | |
| MARK STRANGE, ET AL, | : | MAY 10, 2011 |

## THE DEFENDANTS' LOCAL RULE 56(A)(1) STATEMENT

The defendants respectfully represent, pursuant to Local Rule 56(a)(1) that the following material facts are not in dispute:[1]

1.  The plaintiff, Gary Sadler, is an inmate confined to the custody of the Connecticut Department of Correction ("DOC"). (Movement Sheet.)

2.  The plaintiff began his most recent incarceration on November 6, 1996. At all times relevant to this complaint he has been confined to the MacDougall-Walker Correctional Institution. (Id.)

3.  Mark Strange was Deputy Commissioner of the DOC. He is retired from the DOC. (Murphy Aff., ¶ 6).

4.  Peter Murphy is warden of MacDougall-Walker. (Id., ¶ 2.)

5.  Inmates in MacDougall-Walker are typically double-celled. Each cell has a toilet. Each cell has a window door. Inmates are not permitted to cover the cell door window or in any way to obstruct staff view into the cell even when using the toilet. The reason for this is that it is necessary for correctional staff to view what is happening in the cell when doing tours to ensure

---

[1] This statement of facts makes reference to the following documents: (1) the plaintiff's movement sheet ("Movement Sheet"), attached as Ex. A; (2) Affidavit of Peter Murphy ("Murphy Aff."), attached as Ex. B; and (3) the plaintiff's disciplinary history ("Disciplinary History"), attached as Ex. C.

2

that inmates are not fighting, attempting suicide or engaging in other conduct violative of DOC policies. (Id., ¶ 3.)

6. The same security concerns are involved with respect to toilet facilitates in other places in the prison. As such it is necessary to observe inmates, or at least potentially observe them, at all times. (Id., ¶ 4.)

7. The use of a "modesty shield" as requested by the plaintiff is not feasible. Correctional employees cannot tell whether an inmate is using such a shield exclusively for privacy or to prevent viewing of impermissible conduct. If an inmate refused to take the shield down, staff would need to be assembled to enter the cell. This would place a great burden on staff and would expose staff to risk if the inmate had a weapon. (Id., ¶ 5.)

8. The above has always been the policy of MacDougall-Walker. (Id., ¶ 6.)

9. Obstructing the view into the cell is a disciplinary violation and subjects an inmate to a disciplinary ticket. Female staff are not more likely to issue tickets for this infraction. (Id., ¶ 7.)

10. MacDougall-Walker has female officers and other staff. Female staff have the same job description and duties as male staff. As such there are times when female staff makes tours and may view inmates naked or using the toilet. (Id., ¶ 8.)

11. There is no feasible alternative to this above policy which would ensure the safe functioning of MacDougall-Walker. (Id., ¶ 10.)

12. Ogling or making inappropriate comments by staff when viewing an inmate naked is not permitted. (Id., ¶ 9.)

13. The plaintiff has not received a disciplinary ticket for obstructing the view into his cell. (Disciplinary History.)

DEFENDANTS
Mark Strange, et al.

GEORGE JEPSEN
ATTORNEY GENERAL

BY: _____/s/_____
      Neil Parille
      Assistant Attorney General
      Fed. Bar No. ct15278
      110 Sherman Street
      Hartford, CT  06105
      Telephone No.: (860) 808-5450
      Fax No. (860) 808-5591
      E-mail: neil.parille@ct.gov

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 10th day of May, 2011, to:

Gary Neal Sadler, Inmate Number 236395
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____/s/_____
Neil Parille
Assistant Attorney General