UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------- X
Gary Neal Sadler,

                               Plaintiff,        **BENCH TRIAL PROCEDURE ORDER**

     -against-                                 Case No. 10-cv-0011

Mark Strange, Peter Murphy,

                               Defendants,
--------------------------------------------------------------- X

       The trial on the merits of this matter will commence on Monday, August 19, 2013. The backup trial date is Wednesday, October 16, 2013, and, if necessary, the trial will continue into the week of Monday, October 21, 2013.[1] The attorneys for the parties are to fully comply with the procedures set out herein and are to provide the Court with the specific information requested. All deadlines are to be strictly adhered to. **The attorneys should read carefully and pay particular attention to Section VI of this order.**

**I.    JOINT STATUS FILING**

    A.    Within **seven (7) days** of the entry of this order, inclusive of weekends and holidays, the attorneys for the parties are to confirm by **joint filing** that there are no pending motions or to advise the Court to the contrary by name and docket entry number of the motion(s). No additional motions are to be filed by the parties without requesting a pre-motion conference with the Court, which, if such request is made and granted, will be conducted in person.

---

[1] The deadlines set out herein are based on the August 19, 2013 trial date. In the event that the trial is conducted on the backup date, the deadlines set out in this Order remain in effect as if the trial were to commence on August 19, 2013.

1

B.  Based on the attorneys' representation during the March 13, 2013 teleconference [Rec. Doc. 57], the length of the trial will be no more than 3 days.

## II.   TRIAL OUTLINES:

A.  Plaintiff's Attorney

1.  **On or before June 24, 2013**, the attorney for the plaintiff shall file a concise summary of proposed "findings of fact" and "conclusions of law" based on the submitting attorney's perception of what the evidence to be adduced at trial will demonstrate.

2.  The outline's "findings of fact" from plaintiff's attorney is to contain *each* type of damage for which plaintiff seeks compensation from defendant; the value apportioned or otherwise claimed for each such damage; and the evidence through documents or testimony that plaintiff maintains will support such claim(s).

B.  Defendant's Attorney

1.  **On or before July 10, 2013**, the attorney for the defendants is to respond to each of plaintiff's claims in the same format as called for by this order and as set out by plaintiff. Additionally, counsel is to state with specificity all defenses to each type of injury claimed by plaintiff.

C.  The parties' trial outlines shall be submitted electronically on ECF.

## III.  WILL CALL WITNESS LISTS:

A.  **On or before July 10, 2013**, each party shall submit a list containing the name, address, and a brief description of the expected testimony of each witness that will

        **actually** be called to testify at trial in its case in chief. The party listing a "will call" witness must have that witness physically present at trial. **No party shall release a "will call" witness without first obtaining an order from the Court.** Failure to produce a witness who was listed as a will call witness risks an adverse presumption or other appropriate action, including sanctions, by the Court. Any witness listed on a party's Will Call Witness List may be called by any other party, even if the party listing the witness fails to call the witness in the party's case in chief.

B. For each expert witness, the party proponent of the expert shall also state the area in which the party intends to qualify the expert, and shall **provide a written report that contains all of the information required by Federal Rule of Civil Procedure 26(a)(2)**. Treating medical professionals, *if applicable*, are required to comply with the requirements of Rule 26(a)(2) in all respects, and may not be allowed to testify if they fail to comply with the requirements of Rule 26(a)(2).

C. The witness list shall also include rebuttal and potential impeachment witnesses *reasonably anticipated* to be called at trial.

D. Any witness not listed on a party's Will Call Witness List will not be allowed to testify at trial.

E. The parties' Will Call Witness Lists shall be submitted electronically on ECF.

IV. **EXHIBITS AND BENCH BOOKS:**

A. **On or before July 10, 2013**, all exhibits and demonstrative aids, i.e. any physical item that will be brought into the courtroom, **must be exchanged by the parties.**

B. Any objections to any physical item that will be brought into the courtroom and any

motions in limine regarding testimonial or documentary evidence **must be filed on or before July 17, 2013.** Any exhibit that is objected to by a party must be appended as an exhibit to the ECF filing of the objection or motion in limine.

C. Any response to objections to any physical evidence or any response to motions in limine regarding testimonial or documentary evidence **must be filed on or before July 23, 2013**.

D. **No later than twenty-one (21) days prior to trial**, each party shall have two bench books delivered to the Court for use by the trial judge and the judge's law clerk. **At trial**, counsel are instructed to have a bench book for witnesses' use during testimony, and a set of original documents marked by exhibit number that will be introduced as evidence during trial.

E. **All bench books are to be tabbed by exhibit number and the pages of each exhibit shall be marked with Bates stamp numbers.** Before the first tab, there must be a table of contents that lists each exhibit, and briefly states the purpose for which each exhibit will be offered at trial.

F. **On each exhibit table of contents in the bench books submitted to the Court for use by the presiding judge and the judge's law clerk, the opposing party is to state all objections to the admissibility of any listed exhibits that have not as of the date of the submittal of the bench books been resolved by the Court.** All remaining objections should be stated clearly and concisely and contain the legal and/or factual basis for the objection. **Failure to object to the admissibility of an exhibit in the bench books submitted to the Court will constitute waiver by the**

        **party of the objection to the admission of the exhibit at trial.**

G.      Any exhibit not contained within the bench book will be deemed not to have been exchanged and will not be admitted into evidence at trial.

H.      Any exhibit contained within the bench books not objected to is deemed to have been exchanged.

I.      A party may offer any unobjected to exhibit listed by any other party, even if the party who listed the exhibit fails to offer the exhibit into evidence.

J.      No document contained in the bench books whether objected to or not will be deemed to have been admitted unless it is actually introduced at trial through the testimony of a witness.

K.      **Counsel are encouraged to stipulate to the authenticity of all exhibits when there is no genuine dispute as to authenticity.**

V.      **REALTIME GLOSSARY:**

     A.      **No later than fourteen (14) days prior to trial**, each party shall submit a "Realtime Glossary," which shall contain all proper names and rare or unusual words used in all depositions taken in the case, witness lists, exhibit lists and expert reports, by email to the Court's law clerk assigned to this case (in Microsoft Word or WordPerfect format).

VI.      **COMPLIANCE WITH THIS ORDER**

While it is regrettable, in the Court's experience some attorneys have failed to comply with a Court's order. In the event of a failure of an attorney in this case to strictly comply with the requirements of this order by a designated deadline, opposing counsel *SHALL IMMEDIATELY*

electronically notify the Court and opposing counsel of the failure in order for the Court to take such action as is necessary including the imposition of an adverse presumption or the imposition of sanctions if appropriate. The trial date as set by the Court will not be affected by any remedial action that the Court may take.

    **SO ORDERED.**

                                                      Tucker L. Melançon
                                                      United States District Judge

March 14, 2013
Bridgeport, CT